UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:14CV-P121-R

BENNIE L. GAMBLE, JR.                                              PLAINTIFF

v.

COMMONWEALTH OF KENTUCKY                                           DEFENDANT

## MEMORANDUM OPINION

Plaintiff Bennie Gamble, a prisoner at the Northpoint Training Center, filed this *pro se* action on his own paper naming the Commonwealth of Kentucky as the only Defendant. For the reasons set forth herein, the Court will dismiss the action.

The caption of the initiating document states, "Motion to Vacate Pursuant to the U.S. Const., Federal Civil Judicial Procedure and Rules, and the Emancipation Proclaimation." The filing states as follows:

> Now comes Petitioner, Bennie L. Gamble, Jr., Personam, U.C.C.1-207, "Without Prejudice", Hereby Motions this Honorable Court to grant Petitioner; "Immediate Release". The Respondants are in "Substantial Error" and violation of the U.S. Constitution, Kentucky Constitution, Federal Civil Judicial Procedures and Rules, and the Emancipation Proclaimation . . .

Plaintiff further states, "As grounds for this Motion, pursuant to, and in accordance with 28 USC §1331. Federal Question: The district courts SHALL have original jurisdiction of all civil actions arising under the constitution, laws, or treaties of the United States." He also states, "§1343. Civil Rights and elective Franchise: (a) The district courts SHALL have original jurisdiction of any civil action authorized by law to be commenced by any person . . . ." Plaintiff also states, "CR 302. In civil actions and proceedings, the effect of a presumption respecting a fact which is an element of a claim or defense as to which state law supplies the rule of decision

is determined in accordance with State Law." He also quotes 28 U.S.C. § 1443(1). Finally, Plaintiff states that Defendant Commonwealth of Kentucky "[]is in want of Lack of Jurisdiction over the subject-matter, person of the Prisoner, and To ENTER THE JUDGMENT IT ENTERED. WHEREFORE, Petitioner Motions and ask 'IMMEDIATE RELEASE', and RESTITUTION."

> Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

In the instant case, Plaintiff's complaint fails to meet this standard. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (citation omitted). The complaint sets forth no facts upon which Plaintiff bases his claims. While he cites to federal statutes and rules, he provides no factual allegations which establish a cause of action. The Court is not able to determine what Plaintiff's claim is or what grounds could support a claim. The action is therefore subject to dismissal under Fed. R. Civ. 8(a) for failure to meet the pleading standard.

Moreover, to the extent that Plaintiff seeks immediate release from custody, the sole remedy for seeking release is a petition for writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The Court notes that one week after filing the instant action, Plaintiff filed

2

a petition for writ of habeas corpus under 28 U.S.C. § 2254 in this Court. *See Gamble v. Bottom*, Civil Action No. 5:14CV-29-R.[1]

Consequently, by separate Order, the instant action will be dismissed.

Date:

cc: Plaintiff Gamble, *pro se*
4413.010

---

[1] That petition will be transferred to the Sixth Circuit Court of Appeals as a second or successive petition.